THOMAS REESE,

        Plaintiff,

v.

        Case No. 24-cv-687-pp

NANCY STURM,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE WITH PREJUDICE FOR FAILURE TO STATE CLAIM**

On June 3, 2024, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 3. The complaint alleges that the defendant, a Wisconsin state family court commissioner, violated and deprived the plaintiff of his constitutional rights under color of law. Dkt. No. 1 at 3. In support, the plaintiff filed a document titled "Affidavit Declaration of Truth Conditional Acceptance Offer (New Contract)" described as a notification to the defendant, describing a child support and custody hearing during which the defendant allegedly violated the plaintiff's constitutional rights. Dkt. No. 2. The plaintiff asks the court to refund his child support payments and to award him compensatory damages for emotional distress. Dkt. No. 1 at 5.

1

This order addresses the plaintiff's motion for leave to proceed without prepaying the filing fee, screens the complaint and dismisses the case for failure to state a claim upon which a federal court can grant relief.

I. **Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 3)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that currently he is unemployed and that his total monthly wages or salary is $100, which he borrows from others. Dkt. 2 at 2. His monthly expenses include $54 in phone bills and $80 in child support, totaling $134. Id. at 1, 3. The plaintiff avers that he has $0 in a Cash App account and does not have a house, car or any other property of value. Id. at 3–4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full

2

filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

**II.  Screening the Complaint**

    A.    <u>Legal Standard</u>

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.   The Complaint

The complaint states that on May 5, 2023, the plaintiff participated in a family court hearing conducted by the defendant via Zoom. Dkt. No. 1 at 3. Most of the facts regarding this hearing are contained in the "Affidavit Declaration of Truth Conditional Acceptance of Offer (New Contract)." Dkt. No. 2. This document says that at the time of the events in question, the defendant was "acting Asst. Court Commissioner," employed by the Family Court Commissioners Office; it says that the defendant contracted with Milwaukee County Child Support Services, which the plaintiff describes as a "private-for-profit corporate agency, that operates under the federal Office of Child Support Enforcement (OCSE), a privately owned federal corporation/agency[.]" Id. at ¶1.[1]

The plaintiff alleges that he petitioned the Milwaukee County Child Support Services agency to modify the joint custody agreement and child support obligations currently in place between him and the mother of his child. Id. at ¶¶2–3. He says he made this petition due to a "major incident" that occurred on January 13, 2023—an incident that caused him to immediately

---

[1] The Office of Child Support Services is the arm of the U.S. Department of Health Human Services that oversees the national child support program. https://www.acf.hhs.gov/css.

take custody of his daughter from her mother's residence. Id. at ¶2. He avers that although he and the child's mother have joint custody of the child, he sought sole custody due to the mother's alleged drug addiction, prostitution, drug dealing and homelessness, and he argues that it is "unnecessary" for him to pay child support when his daughter is living with him. Id. at ¶3.

The plaintiff avers that during the hearing, he told the defendant that he couldn't serve the child's mother because her whereabouts were unknown. Id. at ¶4. He avers that the defendant accused him of being disrespectful and condescending because he exercised his constitutional rights to be heard and informed. Id. He avers that he asked questions regarding the child support agency's authority to garnish his wages without his written consent, that he asked the defendant to provide him with a contract that said that he gave permission for garnishment and that the defendant could not and would not provide that contract. Id. The plaintiff attests that he asked the defendant to provide him with a court order signed by a judge. Id. at ¶5. The plaintiff admits that he has an "income withholding for support" from the Child Support Enforcement Agency that was issued May 13, 2016, but avers that that document has no signature or court seal on it; he maintains that this means it is not a court order. Id. (income withholding order attached as Dkt. No. 2-1 at 3). The plaintiff avers that at the hearing, he stated that the proceeding was an "administrative hearing," not a judicial hearing, and that he told the defendant that she was "not an actual judge but rather a ***CORAM NON JUDICE*** and does not have the authority to order anything." Id. The plaintiff avers that as he was

5

saying these things, the defendant "gave the appearance" of looking for the court order on her computer; he says that she could not produce a copy and that she accused the plaintiff of being rude when all he did was ask her a question. Id. The plaintiff says that at that point, he "let [the defendant] know that [he] was recording the zoom hearing;" he says that the moment he said that, the defendant became irritated with him and "cut-off" the hearing. Id.

The plaintiff appears to take issue with the written order summarizing the May 5, 2023 hearing. Id. at ¶11 (administrative hearing order attached as Dkt. No. 2-1 at 1–2).[2] He avers that there is no court seal on the order, which he alleges renders it "fraudulent" and not "an official, valid, legally binding court order." Id. (citing 28 U.S.C. §1691). He avers that by mailing the "fake order" to the plaintiff and "expecting/forcing" him to make child support payments, the defendant violated state law prohibiting "simulating legal process." Id. at ¶12 (citing Wis. Stat. §946.68). He further argues that garnishing his wages without a written agreement constitutes extortion in violation of 18 U.S.C. §872. Id. at ¶13.

The plaintiff describes the defendant as "an 'Officer' and 'Employee' of the United States in more ways than one," a judge, "an Asst. Court Commissioner (an officer of the court, a state officer)," a county employee and someone who "is employed at the Milwaukee County Court house, a municipal building, she

---

[2] In some paragraphs, the plaintiff references "Anna Marie Hodges" and makes allegations against her. See, e.g., Dkt. No. 2 at ¶¶11-13. But he does not identify her role (she is the clerk of the Milwaukee County Circuit Court), name her as a defendant or seek relief from her.

6

is a Foreign Agent." Id. at ¶14. He avers that the Office of Child Support Services, "***under a contract with the American Bar Association***," provides training to people working in the field of child support enforcement. Id. at ¶15. He maintains that the defendant is a "Bar Attorney and is under contract with the Child Support Services/Agency." Id. at ¶16. The plaintiff asserts that because the defendant is a "practicing bar attorney, and has the Bar Association 'membership card', (not an actual license), she is associated through the ABA with the International Bar Association," whose headquarters is in London, England. Id. at ¶17. The plaintiff asserts that "[b]ecause of this fact," the defendant is a "Foreign Agent" and must register under the Foreign Agents Registration Act. Id. Addressing the defendant, the plaintiff asserts that if the defendant cannot provide him with a copy of her "registration papers, that existed at the time [she] conducted the hearing," the defendant has "no jurisdiction" and her "fake court 'order' is void." Id. He also seeks copies of the defendant's oaths of office and surety bond insurance under Wis. Stat. §19.01. Id. at ¶18.

The plaintiff identifies his "cause of action" against the defendant as depriving him of his rights under color of law under 18 U.S.C. §242, conspiring against his rights under 18 U.S.C. §241, engaging in misleading conduct under 18 U.S.C. §1512B, depriving and interfering with his civil rights under 42 U.S.C. §§1983 and 1985(3) and neglecting to prevent violations of his civil rights under 42 U.S.C. §1986. Id. at page 6, subsection A. The plaintiff contends that the defendant violated these statutes by forcing him into an

7

"illegal/unconstitutional contract," violating her oaths of office as an attorney and a court commissioner, acting outside of her official capacity as a judge or commissioner, violating state and federal law, depriving him of constitutional rights and illegally garnishing his wages. Id. at pages 6-7. The plaintiff alleges the defendant deprived him of his constitutional rights by denying his due process right to "be informed of the true nature of the proceedings," not informing him whether the proceeding was judicial or administrative, not informing him that the defendant was not a judge, denying him the right to be heard by terminating the hearing early, not informing him that all orders are "based off voluntary stipulations and written agreements/contracts," not informing him the hearing was a "kangaroo court" and denying him his Sixth Amendment right to know what jurisdiction he was in. Id. at page 7. The plaintiff also argues that child support was declared unconstitutional by the Minnesota Supreme Court and that child support agencies' actions are unconstitutional "due to lack of probable cause." Id.

The plaintiff requests that the court require him to be refunded $13,800.55 in child support that was "illegally/unconstitutionally garnished" from his wages from May 16, 2016 to the present, contending that it was extortion in violation of 18 U.S.C. §872. Dkt. No. 1 at 5. He requests compensatory damages of $100,000 for "mental anguish, emotional pain" and economic suffering. Id. He requests a permanent injunction preventing further wage garnishment, as well as the defendant's "Surety Bond Insurance

pursuant to Wis. Stat. 19.01" and the defendant's "foreign registration papers pursuant to the F.A.R.A. Act of 1938." Id.

C. <u>Analysis</u>

The complaint does not state a claim for which a federal court may grant relief, for several reasons. First, there is no private right of action under 18 U.S.C. §§241, 242 or 1512B. These are federal criminal statutes, and only the government—the United States Attorney in the case of federal criminal statutes, and county prosecutors in the case of violations of state criminal laws—may prosecute criminal statutes, unless the statute itself provides private citizens with a private right of action. See <u>Chapa v. Adams</u>, 168 F.3d 1036, 1038 (7th Cir. 1999) (explaining that private rights of action are rarely implied in criminal statutes). Neither 18 U.S.C. §241 (which prohibits two or more persons from conspiring to violate a person's civil rights), 18 U.S.C. §242 (which prohibits criminal deprivation of civil rights by persons acting under color of state law) nor 18 U.S.C. §1512 (which criminalizes witness tampering) provide for a private right of action.

Second, although a private party *can* bring a claim under 42 U.S.C. §§1983, 1985(3) and 1986, the plaintiff cannot sue the defendant he has named because she is a court commissioner and thus immune from suit. Wisconsin Statute §757.68 authorizes appointment of court commissioners, and Wisconsin Supreme Court Rule 75.02 authorizes court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit." Court

commissioners—who perform duties comparable to those of a judicial officer—are immune from suit for claims that arise out of the performance of their judicial functions. Griffin v. State of Wisconsin, No. Case 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) (noting that, like judges, court commissioners in Wisconsin have absolute immunity for claims arising out of their judicial functions); Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability).

The only exception to absolute judicial immunity is where a judge acts in the absence of all jurisdiction. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) (citing Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006). Although the plaintiff asserts that the defendant acted without jurisdiction because she is, somehow, a "foreign agent," the only actions the plaintiff alleges that the defendant took were conducting a child support and custody hearing and issuing an order after that hearing. Family court commissioners have jurisdiction to conduct hearings and issue orders. The defendant is cloaked in absolute immunity and the appropriate way for the plaintiff to challenge any errors he believes the defendant may have made would be for him to appeal. Lewis v. Ludwig, Case No. 24-cv-1013-pp, 2024 WL 3887660 (E.D. Wis. Aug. 21, 2024) (citing Dawson v. Newman, 419 F.3d 656, 660–61 (7th Cir. 2005)); see also Wis. Stat. §767.17 (allowing appeals from any decision of a court commissioner to the judge of the branch of court to which the case has been assigned upon a party's motion within twenty days of the decision).

There are other issues. The plaintiff asks for a permanent injunction barring collection of child support, but has not filed a motion for an injunction and has not addressed the showing he must make to obtain such relief. See, *e.g.*, Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 382-83 (7th Cir. 1984) (citations omitted) ("Many of our cases say that to get a preliminary injunction a plaintiff must show each of four things: that he has no adequate remedy at law or will suffer irreparable harm if the injunction is denied; that this harm will be greater than the harm the defendant will suffer if the injunction is granted; that the plaintiff has a reasonable likelihood of success on the merits; and that the injunction will not harm the public interest."). Wis. Stat. §19.01 does not state that a court commissioner must have a bond and does not require a public official to produce his or her oath and bond on demand; it requires only that the oaths and bonds of defined public officials must be filed with either the secretary of state, the governor, the secretary of administration or the clerk of the circuit court, depending on the official. Contrary to the plaintiff's assertion, the fact that the defendant is a member of the American Bar Association does not somehow render her a "foreign agent" under 22 U.S.C. §611.

For all these reasons, the complaint fails to state a claim for which a federal court may grant relief. The Seventh Circuit has instructed that a district court should give a plaintiff representing himself an opportunity to amend his complaint unless it is "certain that amendment would be futile or otherwise unwarranted." Zimmerman v. Bornick, 25 F.4th 491, 493-94 (7th Cir. 2022).

Because the court finds that the plaintiff could not allege facts that would state a claim against a judicial officer acting within her jurisdiction, it would be futile to allow the plaintiff to amend the complaint. The court will dismiss the complaint for failure to state a claim upon which this court can grant relief.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion to proceeding without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which this court can grant relief. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**